UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ADRIENNE BROWN,

                Plaintiff,

                                            **ORDER**
-against-                               15-CV-6349(SJF)(AYS)

SUFFOLK COUNTY POLICE DEPT. & OFFICER
CHRISTOPHER TALTA,

                Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.:

On October 29, 2015, *pro se* plaintiff Adrienne Brown ("Plaintiff") filed a civil rights complaint against the Suffolk County Police Department (the "SCPD") and Officer Christopher Talta (together, "Defendants"), accompanied by an application to proceed *in forma pauperis*. For the following reasons, (i) Plaintiff's application to proceed *in forma pauperis* is granted; (ii) Plaintiff's claim against the SCPD is dismissed *sua sponte* in its entirety with prejudice, and are deemed to have been asserted against the County of Suffolk ("County"); and (iii) Plaintiff's claims against the County and Officer Talta are dismissed *sua sponte* with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth below on or before May 16, 2016.

**I.    PLAINTIFF'S COMPLAINT**

Plaintiff's complaint is handwritten on the Court's general complaint form.[1] Plaintiff alleges that, on September 22, 2012, Suffolk County police officers forcibly entered her home,

---

[1] Quoted excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, grammar, and punctuation have not been corrected or noted.

1

waking Plaintiff and her family members. (Compl. § III.A-C.) Plaintiff alleges that one (1) or more officers pointed a gun at her and/or her grandson, told her ten (10)-year old son "to … shut the fuck up," "kick Brown, Adrienne too the floor in the bathroom," and took Plaintiff outside of her home, where she was handcuffed and searched. (*Id.* § III.C.) Plaintiff describes her injuries as follows: "under the care of a syphologist due too stress, depression, Antocity! Due to this inseizdenent and myself declaring my innocents from the beginning! And the unjustice I suffered mental anguish! Hardship financial difficulty ect." (*Id*. § IV.) Plaintiff seeks the following relief:

> I would like the Court to prove like I'v been saying I'm innocent! And that I should be compensated for the enbarresment of the Community I had to face also being put out my home where my children grow up disrupting their foundation of growth ect. When homeless because of this 'situation' as in not our home but someone else! We lose so much money when force to leave our home due to this situation of misconduct of the Suffolk County Police Dept. an Det. Talta. I'm seeking one.five million.

(*Id.* § V.).

## II. DISCUSSION

### A. Plaintiff's *In Forma Pauperis* Application

Upon review of Plaintiff's declaration in support of her application to proceed *in forma pauperis*, the Court finds that, pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff's financial status qualifies her to commence this action without prepayment of filing fees. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

### B. Plaintiff's Complaint

#### 1. Standard of Review

Under the *in forma pauperis* statute, a district court must dismiss a complaint if it is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Courts must read *pro se* complaints liberally, and construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted); *see also Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013). The Court must also assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

Nevertheless, in order to avoid dismissal, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). The plausibility standard "does not require detailed factual allegations," but it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

### 2. Section 1983

Title 42, Section 1983 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an

individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661 (2012). To state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

### a. *Claims against the SCPD*

"'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" *Garcia v. Dutchess Cnty.*, 43 F. Supp. 3d 281, 301 (S.D.N.Y. 2014) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)); *see also Robischung–Walsh v. Nassau Cnty. Police Dep't*, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), *aff'd*, 421 F. App'x 38 (2d Cir. 2011). The SCPD is an administrative arm of the County, and thus lacks the capacity to be sued. *See Russell v. Cnty. of Suffolk Police Dep't,* 13-CV-0626, 2013 WL 1686664, at *3 (E.D.N.Y. Apr. 18, 2013); *see also Rose v. Cnty. of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012). Accordingly, Plaintiff's claims against the SCPD are dismissed in their entirety with prejudice. However, because Plaintiff is proceeding *pro se*, her Section 1983 claims against the SCPD are construed as being brought against the County.

### b. *Municipal Liability*

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the

municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Id.*; *see also Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (governmental bodies are not vicariously liable for their employees' actions); *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 36 (2010) ("[A] municipality cannot be held liable solely for the acts of others, *e.g.*, *solely* because it employs a tortfeasor.") (emphasis in original) (quotations omitted).

In order to prevail on a Section 1983 claim against a municipality, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see also Connick*, 563 U.S. at 60 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury.") (quoting *Monell*, 436 U.S. at 691).

A 1983 plaintiff need not show that the unconstitutional activity in question was a formal or explicit policy of the municipality. "A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61 (citations omitted). Where a plaintiff's 1983 claims against a municipality are premised on the actions of a lower-level employee, the plaintiff may establish municipal liability "by showing that a policymaking official ordered or ratified the employee's

5

actions-either expressly or tacitly." *Jones*, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." *Id*. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id*.

Finally, in order to withstand dismissal, the plaintiff's complaint must include factual content tending to support the existence of an unconstitutional municipal custom or policy. *See Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. 2012) ("[T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.") (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).

Plaintiff's complaint contains no factual allegations tending to support the notion that the County has any policy, explicit or tacit, concerning the underlying conduct that Plaintiff complains of. Accordingly, Plaintiff's 1983 claims against the SCPD, as construed by the Court to be asserted against the County, is dismissed with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth above on or before May 16, 2016.

    **c.**  ***Claims against Officer Talta***

In order to survive dismissal, a plaintiff asserting a 1983 claim against an individual must allege that the individual defendant was personally involved in the constitutional deprivation. *See Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant.") (emphasis in original); *Spavone v. New York State Dep't of Corr. Servs.*, 719

6

F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quotation omitted). A plaintiff can establish personal involvement by showing that the defendant "commit[ted] the acts personally," or "authorize[d], order[ed], or help[ed] others to do the unlawful acts." *Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir. 2014).

Where the individual defendant is a supervisory official, the plaintiff can satisfy the "personal involvement" requirement by showing that the defendant "(1) fail[ed] to take corrective action after learning of a subordinate's unlawful conduct, (2) creat[ed] … a policy or custom fostering the unlawful conduct, (3) [was] gross[ly] negligen[t] in supervising subordinates who commit unlawful acts, or (4) [was] deliberate[ly] indifferen[t] to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003) (citation omitted); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Additionally, where the individual defendant is a supervisory official, "a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." *Raspardo*, 770 F.3d at 116.

Plaintiff's complaint contains no allegations that Officer Talta directly participated in or facilitated any violation of her constitutional rights, and offers no basis upon which he might plausibly be held liable in a supervisory capacity. Accordingly, Plaintiff's 1983 claim against Officer Talta is dismissed with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth above on or before May 16, 2016.

**III.    CONCLUSION**

For the reasons set forth above, (i) Plaintiff's application to proceed *in forma pauperis* is granted; (ii) Plaintiff's claim against the SCPD is dismissed in its entirety with prejudice, and are deemed to have been asserted against the County; and (iii) Plaintiff's Section 1983 claims against the County and Officer Talta are dismissed with prejudice unless Plaintiff files an amended complaint that complies with the pleading standards set forth above on or before May 16, 2016.

Plaintiff is advised that an amended complaint does not simply add to the original complaint.  Once an amended complaint is filed, it completely replaces the original.  Therefore, Plaintiff must include all necessary information that was in the first complaint in any amended complaint.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order, 15-CV-6349.  If Plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed, judgment shall enter, and the case will be closed.  If Plaintiff files an amended complaint within the permitted time, the Court will review it pursuant to 28 U.S.C. § 1915(e) (2)(b).

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon Plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: April 11, 2016
      Central Islip, New York